IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-CR-146-JED |
| ) | |
| **Superstar Arlandis Dupree Wesley,** ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The Court has for its consideration the parties' Joint Motion for Continuance of All Dates (Doc. 13). The parties ask that the Court grant an "ends of justice" continuance under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and to continue this matter to the February 2014 trial docket.

On August 5, 2013, an Indictment charged the defendant with being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He made his initial appearance on September 23, 2013, and was released on conditions. (Doc. 6). Since the time of release he has been successfully supervised by the United States Probation Office without incident. The Court's Scheduling Order (Doc. 8) sets the jury trial in this matter for November 18, 2013. The pretrial conference is currently set on November 6, 2013, at 9:30 a.m. On October 8, 2013, defendant filed a Speedy Trial Waiver (Doc. 12).

This case arises from an incident that occurred on July 3, 2013, at the Tulsa International Airport. Mr. Wesley was arrested while going through security screening of passengers and carry-on luggage. A loaded pistol was found in the side pocket of Mr. Wesley's carry-on bag. He denied knowledge of its presence or ownership. Mr. Wesley represented that it is not

uncommon for this bag to be used by his son and step-sons and other family members. He believes that the gun was placed in the bag without his knowledge by unknown family members and he was unaware of its presence at the airport. Defendant Wesley has two prior felony convictions in Arizona from 1998.

The government asks the Court to find that a continuance of this case is in the "ends of justice" pursuant to 3161(h)(7)(A) and (B). Specifically, the parties allege that a continuance is warranted because failure to do so would likely make a continuation of the proceeding impossible or result in a miscarriage of justice (§ 3161(h)(7)(B)(i)); the case is unusual and/or complex (§ 3161(h)(7)(B)(ii)); and even if the case is not unusual or complex, failure to grant a continuance would nonetheless deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (§ 3161(h)(7)(B)(iv)).

The cited sections of the Speedy Trial Act permit a federal district court to exclude any period of delay resulting from a continuance if the judge granted such continuance on the basis of finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id*. The statute permits a court to consider whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *Id*. at 3161(h)(7)(B)(iv). A court may also consider whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within

the time limits established by the Speedy Trial Act. *Id*. at 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted cavalierly. *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance result in the need for additional time. *Id*. at 1271. This requires that the parties provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id*. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.

The Court has reviewed the parties' joint motion and concludes that the parties have provided an adequate record for the Court to rule on this matter without a hearing. The Court further finds that this case is not unusual or complex. Nevertheless, the failure to grant a continuance would result in a miscarriage of justice and would deny counsel for both parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). As a result of Mr. Wesley's denials that the firearm in question is his, the parties are conducting fingerprint and DNA analysis of the firearm. In addition a polygraph examination of Mr. Wesley will be performed. The parties represent that, as a result of the recent government shutdown, the logistics of obtaining such analysis and testing have been complicated and such analysis and testing cannot possibly occur under the present scheduling order. The parties agree that this analysis and testing is necessary to ensure

3

that an innocent person is not wrongfully convicted.

The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendant's interest in receiving a speedy trial. *Zedner v. United States*, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70-day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the parties' respective interests in having adequate time to prepare for trial. That interest, in having adequate time to perform necessary testing, here outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by granting the requested continuance under § 3161(h)(7)(B)(ii). In addition, the public has a strong interest in ensuring that an innocent person is not wrongly convicted. Accordingly, the Court finds that, in this case, the ends of justice outweigh the interests of the public and the defendant in a speedy trial.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Continuance of All Dates (Doc. 13) is **granted**. All deadlines in the scheduling order (Doc. 8), including the jury trial currently set for November 18, 2013, are stricken. The scheduling order is hereby amended as follows:

| | |
|---|---|
| Motions due: | January 10, 2014 |
| Responses due: | January 17, 2014 |
| PT/CP/Motions Hearing: | January 29, 2014 at 10:30 a.m. |
| Voir dire, jury instructions, and trial briefs due: | February 10, 2014 |
| Jury Trial: | February 18, 2014 at 9:30 a.m. |

**IT IS FURTHER ORDERED** that the time between November 18, 2013 and February 18, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED** this 23rd day of October, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE